UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD J. SULLIVAN | * | NO. 15-419 |
| | * | |
| V. | * | DISTRICT JUDGE |
| | * | |
| NABORS OFFSHORE CORPORATION | * | MAGISTRATE JUDGE |
| | * | |
| | * | JURY TRIAL DEMANDED |

*************************************************************************

## COMPLAINT

I.

Made complaintant herein is Ronald Sullivan (Sullivan), a person of the full age of majority domiciled in the Eastern District of Louisiana.

II.

Made defendant herein is Nabors Offshore Corporation (Nabors), a foreign corporation authorized to do and doing business in the Eastern District of Louisiana.

III.

Venue is appropriate in this jurisdiction pursuant to 28 USC §1391 because the events giving rise to this claim occurred in the Eastern District of Louisiana.

IV.

Jurisdiction is appropriate pursuant to 28 USC §1331 as a matter involves a federal question.

V.

The defendant, Nabors, is indebted to the complaintant for the following reasons:

VI.

For approximately 19 years, Sullivan has been an employee of Nabors.

VII.

He was injured on February 27, 2003 when pulling pipe; reinjured on March 13, 2003 pulling pipe and injured again on July 30, 2012 on an oil rig.

VIII.

Longshore claims were made pursuant to these injuries.

IX.

On January 13, 2015, Nabors required claimant to attend a second medical opinion by Dr. Eric Oberlander.

X.

The appointment was attended by claimant and Dr. Oberlander, on information and belief, advised that additional medical treatment was necessary for Sullivan.

XI.

Nabors, however, terminated the employment of Sullivan.

XII.

Claimant was unable to perform an essential element of his duties known by the employer.

XIII.

Claimant was entitled to twelve weeks of Family Medical Leave.

XIV.

Claimant is protected from being terminated during these twelve weeks under FMLA.

XV.

Nabors ignored the provisions of the Family Medical Leave Act by terminating claimant.

XVI.

Claimant is entitled to wages, salary, employee benefits and other compensation denied due to the violation.

XVII.

Claimant is also entitled to actual monetary losses sustained by him as a direct result of the violation of the defendant, Nabors.

XVIII.

Claimant is entitled to interest and damages owed.

XIX.

As an additional amount, claimant is entitled to liquidated damages equal to the sum of damages listed above due to the employer not acting in good faith.  Claimant also seeks attorney fees as a result of the unlawful actions of Nabors.

XX.

WHEREFORE, complaintant, Ronald J. Sullivan, prays that:

A.  The defendant herein, Nabors Offshore Corporation, be duly cited and served with a copy of this Complaint and be required to answer same in accordance with the law;

B.  After due delays and proceedings had, there be judgment herein in favor of Complaintant, Ronald J. Sullivan, and against the defendant herein, Nabors Offshore Corporation, for any and all damages necessary and appropriate in the premises which includes, but is not limited to, attorney fees; liquidated damages; monetary damages; employee benefits; wages; salary and any and all other benefits under any provisions of federal law; and

  C. For all general and equitable relief.

           Respectfully Submitted,

           **USRY, WEEKS & MATTHEWS**


           BY:s/Timothy R. Richardson
            **Timothy R. Richardson (#27625)**
            1615 Poydras Street, Suite 1250
            New Orleans, Louisiana 70112
            (504) 592-4600
            **Attorney for Plaintiff**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to all counsel of record by placing a copy of same in the United States mail, first-class postage prepaid this 10th day of February, 2015 to all parties.

           s/Timothy R. Richardson
           Timothy R. Richardson